### In the Matter of Dan J. MAY, Respondent.

### No. 34S00–1301–DI–86.

Supreme Court of Indiana.

Aug. 15, 2013.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** After a hearing in a divorce case, Respondent grabbed his client by the arms, pushed him against a rail in the courtroom in a manner that caused the client to be bent backward over the rail. Respondent was charged with battery and entered into a pre-trial diversion agreement with the prosecutor.

The parties cite the following fact in aggravation: Respondent has substantial

experience in the practice of law. The parties cite Respondent's lack of disciplinary history as a fact in mitigation.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

8.4(b): Committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

The parties agree that Respondent also failed to comply with Admission and Discipline Rule 22 (Oath of Attorneys) by acting in an offensive manner.

**Discipline:** The parties propose the appropriate discipline is a **60–day suspension with automatic reinstatement.** The Court, having considered the submissions of the parties, now approves the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 60 days, beginning September 27, 2013.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.